THOMPSON et al. v. JENNINGS et al.[1]

(Circuit Court of Appeals, Second Circuit. May 28, 1895.)

No. 116.

1. PATENTS—SAWS—NOVELTY.
   Claim 1 of patent No. 328,019, issued to Thompson and others, as assignees of Fowler, for a saw to cut metal, with a tough, pliable, steel blade, highly tempered as to its teeth only, to prevent breaking of the blade by sudden twisting, is valid, having utility and novelty. 66 Fed. 57, affirmed.

2. SAME—CONSTRUCTION OF CLAIM.
   Though, in the specifications of patent No. 328,019, for a saw to cut metal, it is stated that it is possible to fix the temper line at any point in the width of the blade, but that it is preferable to fix it at the base line of the teeth, and though claim 1 is for a saw highly tempered as to the teeth, claim 2, for a saw with a soft back and high-tempered teeth, will not be construed to cover saws in which the temper runs into the blade any distance, but only saws where the temper is practically, though not mathematically, coincident with the base line of the teeth. 66 Fed. 57, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a suit in equity by Henry G. Thompson and others against Charles E. Jennings and others for alleged infringement of letters patent No. 328,019, issued October 13, 1885, to them, as assignees of the inventor, Thaddeus Fowler. The circuit court held that the

---

[1] Rehearing denied June 24, 1895.

patent was valid, but that defendants had not infringed. See 66 Fed. 57, where the opinion of that court, by LACOMBE, Circuit Judge, is reported in full. The complainants have appealed.

John K. Beach, for appellants.

Marion H. Phelps, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. Unless the patent in suit can be limited so as to cover only a band saw or a hack saw, there appears to be no escape from the conclusions expressed in the opinion of Judge LACOMBE in the court below. It cannot be thus limited, in view of its unequivocal language. We deem it unnecessary to add anything to the opinion of Judge LACOMBE. The decree is affirmed, with costs.