THOMPSON et al. v. N. T. BUSHNELL CO.

(Circuit Court, D. Connecticut. June 23, 1898.)

PATENTS—PRELIMINARY INJUNCTION—SAWS.
    The Fowler patent, No. 328,019, for a saw to cut metal, with a tough
    pliable steel blade, highly tempered as to its teeth only, *held* valid and in-
    fringed.

This was a suit in equity by Henry G. Thompson and others against
the N. T. Bushnell Company for alleged infringement of letters pat-
ent No. 328,019, issued October 13, 1885, to complainants as assignees
of the inventor, Thaddeus Fowler.

John K. Beach, for complainant.
Phillipp, Phelps & Sawyer, for defendant.

TOWNSEND, District Judge. The parties herein are practically
the same as in Thompson v. Jennings, 21 C. C. A. 486, 75 Fed. 572.
In said action the decision of the circuit court which dismissed the
bill was affirmed by the circuit court of appeals. The circuit court in
its opinion held that the patent was valid, but that the defendant did
not infringe. The circuit court of appeals held that, "unless the pat-
ent in suit can be limited so as to cover only a band saw or a hack
saw, there appears to be no escape from the conclusions expressed
in the opinion of Judge Lacombe in the court below. It cannot be thus
limited, in view of its unequivocal language." In accordance with
this suggestion, complainant filed a disclaimer so as "to include only
hack saws and band saws." The issues herein relate to certain hack
saws sold by defendant. I am satisfied, from the expert testimony and
from demonstrations at the hearing and upon practical tests with
said exhibits, that many of these saws unquestionably infringe the
patent as construed by Judge Lacombe. "They are either hardened
to the base line of the teeth, or so near it that the variance from the
distinctive fractional tempering of the patent was trivial." It is im-
material that defendant claims said infringement is accidental. If,
as it now contends, the saw of the patent in suit is impracticable, and
the flexibility which results from the invention of the patent in suit
is a disadvantage, the defendant will not suffer from the effect of an
injunction which will operate to prevent its making such defective
saws in the future, accidentally or otherwise. It is unnecessary now
to discuss the elaborate and ingenious arguments of counsel as to
the effect of the former judgment or of said disclaimer. The new evi-
dence of alleged prior use is not only discredited by the failure to
produce exhibits and by its antiquity and indefiniteness, but because
it fails to show that by these uses the new results of the new invention
of the patent in suit were produced. Let a decree be entered for an
injunction and an accounting.